**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

AMERICAN OVERSIGHT,                           )
1030 15th Street NW, B255                      )
Washington, DC 20005,                          )
                                  *Plaintiff*,  )
                                               )
v.                                             )   Case No. 26-cv-1351
                                               )
CENTERS FOR DISEASE CONTROL                    )
AND PREVENTION,                                )
1600 Clifton Road                              )
Atlanta, GA 30329,                             )
                                               )
U.S. DEPARTMENT OF HOMELAND                    )
SECURITY,                                      )
245 Murray Lane SW                             )
Washington, DC 20528,                          )
                                               )
IMMIGRATION AND CUSTOMS                        )
ENFORCEMENT,                                   )
500 12th St. SW                                )
Washington, DC 20536,                          )
                                               )
INTERNAL REVENUE SERVICE,                      )
1111 Constitution Avenue NW                    )
Washington, DC 20224,                          )
                                               )
and                                            )
                                               )
SOCIAL SECURITY ADMINISTRATION,                )
6401 Security Blvd.                            )
Baltimore, MD 21235,                           )
                                               )
                                               )
                                  *Defendants*. )
_____      )

**COMPLAINT**

*Introduction*

1.      On March 20, 2025, President Trump signed an executive order calling for the federal government to share data across agencies.[1]

2.      As part of the implementation of that executive order, the Trump Administration significantly expanded the government's business involvement with Palantir Technologies,[2] a data analysis and technology firm cofounded by Trump ally Peter Thiel and led by Alex Karp, who donated $1 million to MAGA Inc.[3]

3.      Since the beginning of Trump's second term, Palantir has secured federal contracts exceeding hundreds of millions of dollars for a variety of services, including artificial intelligence and data analysis, with multiple federal agencies—including Defendants.[4]

4.      Public concern about federal agencies' use of Palantir tools and services has steadily increased over the past year.[5]

5.      In particular, privacy advocates, lawmakers, and others have voiced concerns about the potential construction of a government surveillance state and abuse of the tools and services created by Palantir that use Americans' sensitive data.[6]

---

[1] *See* Executive Order 14243, *Stopping Waste, Fraud, and Abuse by Eliminating Information Silos,* 90 Fed. Reg. 13681 (March 20, 2025).

[2] *See, e.g.*, Sheera Frenkel & Aaron Krolik, *Trump Taps Palantir to Compile Data on Americans*, N.Y. Times, May 30, 2025, https://www.nytimes.com/2025/05/30/technology/trump-palantir-data-americans.html.

[3] *See, e.g*., Makena Kelly, *Palantir Is Extending Its Reach Even Further Into Government*, WIRED (Aug. 1, 2025, 6:30 AM), https://www.wired.com/story/palantir-government-contracting-push/.

[4] *See, e.g.,* Frenkel & Krolik, *supra* n.2; Kelly, *supra* n.3; Lauren Loricchio & Tyrak Burris, *Palantir Contracts Under Scrutiny Amid IRS Tax Data Controversy,* Tax Notes, Feb. 19, 2026, https://www.taxnotes.com/featured-news/palantir-contracts-under-scrutiny-amid-irs-tax-data-controversy/2026/02/18/7tzns.

[5] *See, e.g.,* Frenkel & Krolik, *supra* n.2; Kelly, *supra* n.3; Loriccio & Burris, *supra* n.4.

[6] *See id.*

6.     American Oversight brings this action following Defendants' failures to produce records in response to requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, which seek to shed light on whether and how private corporations, including Palantir, are influencing federal agencies' data governance and potentially enabling widespread surveillance.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

8.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

9.     Defendants have failed to comply with the applicable time-limit provisions of FOIA.

10.    American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

11.    Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the

District of Columbia.

12. Defendant Centers for Disease Control and Prevention ("CDC") is a is a component of the Department of Health and Human Services, a department of the executive branch and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). CDC is headquartered in Atlanta, GA, and has possession, custody, and control of records that American Oversight seeks.

13. Defendant U.S. Department of Homeland Security ("DHS") is a department of the executive branch headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession, custody, and control of records that American Oversight seeks.

14. Defendant Immigration and Customs Enforcement ("ICE") is a component of DHS headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). ICE has possession, custody, and control of records that American Oversight seeks.

15. Defendant Internal Revenue Service ("IRS") is a bureau of the U.S. Department of the Treasury, a department of the executive branch and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). IRS is headquartered in Washington, D.C., and has possession, custody, and control of records that American Oversight seeks.

16. Defendant Social Security Administration ("SSA") is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Baltimore, MD. SSA has possession, custody, and control of records that American Oversight seeks.

**STATEMENT OF FACTS**

17.     On June 18, 2025, American Oversight submitted a FOIA request bearing internal

tracking number MULTI-25-1558-1566 to each of the Defendants, among other agencies, seeking

the following records:

**For all parts of this request, please provide all responsive records from March 1, 2025, through the date the search is conducted.**

1. All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) between (a) the officials listed below, or anyone communicating on their behalf, such as a chief of staff or scheduler, and (b) anyone communicating on behalf of Palantir Technologies.

   Department of Homeland Security Officials:
   a. Kristi Noem, Secretary
   b. Anyone serving in the capacity of Chief of Staff to the Secretary
   c. Troy Edgar, Deputy Secretary
   d. Andrew Whitaker, Executive Secretary
   e. Joseph Mazzara, Acting General Counsel
   f. Christopher Pratt, Senior Official Performing the Duties of the Under Secretary
   g. Jason Killmeyer, Chief of Staff to the Under Secretary

   Immigration and Customs Enforcement Officials:
   a. Todd Lyons, Acting Director
   b. Caleb Vitello, Former Acting Director
   c. Madison Sheahan, Deputy Director
   d. Jon Feere, Chief of Staff
   e. Anyone serving as Senior Advisor

   [….]

   Centers for Disease Control and Prevention Officials:
   a. Debra Houry, Chief Medical Officer
   b. Nina Warsofsky, Acting Director of Communications
   c. Sara Patterson, Chief Operating Officer
   d. Matthew Buzzelli, Chief of Staff

   Internal Revenue Service Officials:
   a. Michael Faulkender, Acting Commissioner
   b. Anyone serving in the capacity of Chief of Staff
   c. Anyone serving in the capacity of Deputy Commissioner

5

    d.   Andrew De Mello, Acting Chief Counsel
    e.   Edward Killen, Chief Tax Compliance Officer
    f.   Robert Choi, Acting Commissioner, Tax Exempt and Government Entities

Social Security Administration Officials:
    a.   Frank Bisignano, Commissioner
    b.   Anyone serving in the capacity of Deputy Commissioner
    c.   Chad Poist, Chief of Staff
    d.   Anyone serving in the capacity of Deputy Chief of Staff
    e.   Dustin Brown, Chief Operating Officer
    f.   Anyone serving in the capacity of Chief Performance Officer
    g.   Stephen McGraw, Executive Secretary
    h.   Anyone serving in the capacity of Counselor to the Commissioner

[….]

2. All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) sent by the officials listed above in part 1, and containing any of the key terms listed below.

    Key Terms:
    i.     Foundry
    ii.    Karp
    iii.   Lonsdale
    iv.   Palantir
    v.    Thiel
    vi.   TITAN

3. A complete copy (including all attachments) of all contracts or subcontracts, agreements, memoranda of understanding, or other written agreements between your agency and Palantir Technologies.

4. All records governing the access of personally identifiable or sensitive information or data from your agency by Palantir Technologies and/or any representative of Palantir Technologies, including directives, instructions, directions, memoranda, policies, procedures, informal email guidance, and/or other informal written guidance.

5. All formal or informal final directives (including informal email communications), guidance, protocol, or policies created by or otherwise issued to your agency related to data sharing with Palantir Technologies and/or any representative of Palantir Technologies.

Records reflecting any written analysis or memoranda provided to your agency by Palantir Technologies based on any agency records accessed by Palantir

Technologies. Responsive records may include, but should not be limited to, informational handouts, summary documents, handwritten or typed notes, or any other records.

18. American Oversight resubmitted the request to Defendant CDC on July 2, 2025, and CDC replied the same day that it had received the request and assigned it tracking number 2025-03251-FOIA-OS.

19. On September 4, 2025, CDC notified Plaintiff that it was asserting an extension of the statutory response deadline.

20. Plaintiff has received no further communication from CDC regarding this request.

21. As of the time of this filing, CDC has produced no records responsive to Plaintiff's request.

22. Defendant DHS acknowledged receipt of Plaintiff's request on June 24, 2025, and assigned it tracking number 2025-HQFO-04952.

23. Plaintiff has received no further communication from DHS regarding this request.

24. As of the time of this filing, DHS has produced no records responsive to Plaintiff's request.

25. Defendant ICE acknowledged receipt of Plaintiff's request on June 24, 2025, and assigned it tracking number 2025-ICFO-43678.

26. Plaintiff has received no further communication from ICE regarding this request.

27. As of the time of this filing, ICE has produced no records responsive to Plaintiff's request.

28. Defendant IRS acknowledged receipt of Plaintiff's request on June 18, 2025, and assigned it tracking number 2025-16331.

29. IRS notified Plaintiff by letter on February 26, 2026, that, as "an interim response"

7

to Plaintiff's request, it had located 619 pages of records responsive to part 3 of the request and was delivering those pages with redactions.

30.    IRS's February 26, 2026 letter further stated that it would "continue processing the rest of [the] request and provide [Plaintiff's] appeal rights in [IRS's] final response."

31.    Apart from a duplicate production on April 8, 2026, Plaintiff has received no further communication from IRS regarding this request, nor has IRS produced all records responsive to the request in the form of a final response as of the time of this filing.

32.    Defendant SSA acknowledged receipt of Plaintiff's request on June 18, 2025, and assigned it tracking number 2025-FOIA-02153.

33.    Apart from communications regarding Plaintiff's fee waiver request and SSA's extended deadline for a response to Plaintiff's FOIA request, as of the time of this filing, SSA has not communicated further with Plaintiff regarding the request, nor has it produced any responsive records.

*Exhaustion of Administrative Remedies*

34.    As of the date of this Complaint, Defendants have failed to (a) notify American Oversight of a final determination regarding the FOIA requests, including the scope of responsive records they intend to produce or withhold and the reasons for any withholdings; or (b) produce all the requested records or demonstrate that the requested records are lawfully exempt from production.

35.    Through Defendants' failures to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

36.    American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

37.    American Oversight properly requested records within Defendants' possession, custody, and control.

38.    Defendants are agencies subject to FOIA, and they must therefore make reasonable efforts to search for requested records.

39.    Defendants have failed to promptly review agency records for the purpose of locating all records responsive to American Oversight's FOIA requests.

40.    Defendants' failures to conduct adequate searches for all responsive records violates FOIA and applicable regulations.

41.    Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to its requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

42.    American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

43.    American Oversight properly requested records within Defendants' possession, custody, and control.

44.    Defendants are agencies subject to FOIA and must therefore release in response to

FOIA requests any non-exempt records and provide lawful reasons for withholding any materials.

45.     Defendants are wrongfully withholding non-exempt agency records sought by Plaintiff's FOIA requests by failing to produce non-exempt responsive records.

46.     Defendants are wrongfully withholding non-exempt agency records sought by Plaintiff's FOIA requests by failing to segregate exempt information in otherwise non-exempt records responsive to the requests.

47.     Defendants' failures to provide all non-exempt records responsive to the requests violate FOIA and applicable regulations.

48.     Plaintiff is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to American Oversight's FOIA requests and provide indexes justifying withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to the FOIA requests identified in this pleading;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to the FOIA requests identified in this pleading and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to the FOIA requests identified in this pleading;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to

5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: April 21, 2026

Respectfully submitted,

*/s/ Elizabeth Haddix*
Elizabeth Haddix
D.C. Bar No. 90019750
Emma Lewis
D.C. Bar No. 144574
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(252) 359-7424
Elizabeth.haddix@americanoversight.org

*Counsel for Plaintiff*

11