UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN OVERSIGHT,

     Plaintiff,

     v.

CENTERS FOR DISEASE CONTROL AND
PREVENTION, et al.,

     Defendants.

Civil Action No. 26-1351 (RBW)

**DEFENDANT SOCIAL SECURITY ADMINISTRATION'S
MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF**

Defendant Social Security Administration ("SSA"), by and through undersigned counsel, respectfully moves to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). Plaintiff's claims against SSA depend on a threshold fee dispute that FOIA does not authorize this Court to resolve. SSA determined that Plaintiff's request was not directly related to the administration of a program under the Social Security Act and therefore charged Plaintiff fees under Section 1106(c) of that Act, 42 U.S.C. § 1306(c), rather than under FOIA's fee provisions. Plaintiff has never challenged that non-program-related determination and has never agreed to pay the fees associated with processing its request, even though SSA's regulations require that agreement before SSA begins searching for records.

Plaintiff instead filed this FOIA action, alleging that SSA failed to conduct an adequate search and wrongfully withheld responsive records. But those claims necessarily require the Court to conclude that SSA was obligated to process Plaintiff's request notwithstanding Plaintiff's failure to agree to pay fees imposed under § 1306(c). FOIA does not supply this Court with jurisdiction to undertake that review. Section 1306(c) operates "notwithstanding" FOIA, and fees imposed

under § 1306(c) are not fees imposed "under" FOIA.  Because Plaintiff's claims cannot proceed unless the Court first overrides SSA's § 1306(c) fee determination or refusal to waive those fees, the claims against SSA should be dismissed for lack of jurisdiction.

## FACTUAL BACKGROUND

On June 18, 2025, SSA acknowledged that it had received a six-part FOIA request from Plaintiff and assigned it tracking number 2025-FOIA-02153.  *See* Complaint ("Compl.") ¶¶ 17, 32, ECF No. 1; *see also* Declaration of Sarah Reagan ("Reagan Decl.") ¶ 2 and Ex. 1.  Within that request, Plaintiff also applied for a public interest fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).  *See id.* ¶ 33; *see also* Reagan Decl. ¶ 2; Reagan Decl. Ex. 1 at 4-6.

On July 14, 2025, SSA denied Plaintiff's fee waiver application for all parts of its FOIA request except for a portion of part three.  *See* Reagan Decl. ¶ 4; Reagan Decl. Ex. 2 at 2.  SSA explained the basis for the fees it imposed regarding the remainder of the request:

> We are charging you fees for your request under section 1106(c) of the Social Security Act (Act) (42 U.S.C. § 1306(c)).  Because we have invoked section 1106(c), the FOIA fee provisions in 5 U.S.C. § 552 are not applicable to your request.  Section 1106(c) applies notwithstanding FOIA and provides that we charge the full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Act (20 C.F.R. § 402.80), regardless of the fee provisions in FOIA.  We determined that your request is not directly related to the administration of the Act.  Accordingly, we will charge you for the full cost to provide the requested information (42 U.S.C. § 1306(c); 20 C.F.R. § 402.80).  We will send further correspondence when we determine what fees, if any, apply to your request.

*Id.*  On November 19, 2025, Plaintiff filed an administrative appeal of SSA's fee waiver denial. *See* Reagan Decl. ¶ 3; Reagan Decl. Ex. 3.  That appeal remains pending.  *See id.* ¶ 5.

On April 21, 2026, Plaintiff filed a two-count complaint under FOIA against several agencies, including SSA.  *See* ECF No. 1.  Plaintiff claims the agencies violated FOIA by failing to conduct an adequate search for responsive records and by wrongfully withholding non-exempt records responsive to the request.  *See* Compl. ¶¶ 36-48.  Both counts incorporated by reference

Plaintiff's allegations that its causes of action followed "Defendants' failures to produce records in response to requests under the FOIA," and that SSA and Plaintiff had engaged in "communications regarding Plaintiff's fee waiver request." *See id*. at ¶¶ 6, 33, 36, 42.

**STANDARD OF REVIEW**

Rule 12(b)(1) requires dismissal of claims where the Court "lack[s] jurisdiction over the subject matter." "Rule 12(b)(1) presents a threshold challenge to the Court's jurisdiction . . . [and] the Court is obligated to determine whether it has subject-matter jurisdiction in the first instance." *Curran v. Holder*, 626 F. Supp. 2d 30, 32 (D.D.C. 2009) (internal citation and quotation marks omitted). "It is to be presumed that a cause lies outside [the federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

While the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, *Brown v. Dist. of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), it need not "accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations[,]" *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001). A court may examine materials outside the pleadings as it deems appropriate to resolve the question of its jurisdiction to entertain the case. *See Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

**ARGUMENT**

**I.     FOIA Does Not Confer Jurisdiction To Override SSA's § 1306(c) Fee Determination.**

Plaintiff's claims against SSA fail because they depend on a threshold fee issue that FOIA does not authorize this Court to review. SSA charged Plaintiff fees under § 1306(c), not FOIA, after determining that the FOIA request was not program-related; Plaintiff never challenged that determination and never agreed to pay fees associated with processing its FOIA request. Because

SSA's regulations require that agreement before SSA begins searching, Plaintiff's search and withholding claims necessarily ask the Court to override SSA's § 1306(c) fee determination or refusal to waive those fees. But § 1306(c) operates "notwithstanding" FOIA, and fees imposed under § 1306(c) are not fees imposed "under" FOIA. Plaintiff's FOIA claims against SSA should therefore be dismissed for lack of subject-matter jurisdiction.

FOIA limits the fees that agencies may impose in responding to requests and requires that agencies waive or reduce the fees in certain circumstances. *See* 5 U.S.C. § 552(a)(4)(A). However, SSA imposes fees for information requests not under the FOIA, but under a separate and independent statutory authority; Section 1106(c) of the Social Security Act (42 U.S.C. § 1306(c)). SSA does not impose fees associated with FOIA requests under the FOIA, nor does it grant or deny fee waiver requests under the FOIA. SSA's fee notices and responses to fee waiver requests do not cite to or reference the FOIA's fee provisions or the FOIA's fee waiver provisions. In providing notice of estimated fees and granting or denying fee waiver requests, including in its response to Plaintiff's fee waiver request, SSA cites only to its standalone statutory authority under Section 1106(c) of the Social Security Act and its implementing regulations (20 C.F.R. §§ 402.70-402.90). *See* Reagan Decl. Ex. 2 at 2. Section 1106(c) provides:

> Notwithstanding sections 552 and 552a of title 5, United States Code, or any other provision of law, whenever the Commissioner of Social Security or the Secretary determines that a request for information is made in order to assist a party in interest (as defined in section 3 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. 1002)) with respect to the administration of an employee benefit plan (as so defined), or is made for any other purpose not directly related to the administration of the program or programs under this Act to which such information relates, such Commissioner or Secretary may require the requester to pay the full cost, as determined by the such Commissioner or Secretary, of providing such information.

42 U.S.C. § 1306(c). SSA has implemented this provision through regulations that distinguish between two fee tracks. *See* 20 C.F.R. §§ 402.70, 402.75, 402.80. Section 402.75 governs

requesters charged under the FOIA fee schedule, while § 402.80 governs requests subject to § 1306(c)'s "full cost" provision. *See id*. §§ 402.75, 402.80. Section 402.70 summarizes the SSA's authority to impose fees pursuant to the FOIA track or separately pursuant to the § 1306(c) track. *See id*. § 402.70(a)(1)-(2). The regulations also permit requestors to apply for waivers or reductions of fees charged pursuant to either track. *See id*. § 402.85. Thus, when a party submits a non-program-related information request, SSA may charge the requester the "full cost" of providing that information, "notwithstanding" the FOIA. 42 U.S.C. § 1306(c). And requestors must agree to pay those fees before SSA begins the search for records. *See* 20 C.F.R. § 402.90.

The Second Circuit recently analyzed the SSA's independent authority under Section 1106(c) and its precedence over FOIA in *Shapiro v. Social Security Administration*, 160 F.4th 347 (2d Cir. 2025). There, the plaintiff claimed that 5 U.S.C. § 552(a)(4)(A)(viii), the product of a 2007 FOIA amendment, precluded the SSA from imposing fees under § 1306(c), enacted in 1981, because it did not respond timely to his FOIA request. *See id*. at 349. The court held that the plain text of Section 1106(c) "is crystal clear: despite FOIA or any other law, the SSA can charge the requesting party for processing non-program-related information requests. Congress's use of the word 'notwithstanding' unambiguously demonstrates its intent to permit the SSA to recoup the 'full cost' of processing fees for FOIA requests that meet the requirements of § 1306(c) and overrides any other provision of law which would otherwise conflict." *Id*. at 355.

The court explained that the use of the word "notwithstanding" in a statute is "an unambiguous congressional statement that such statute supersedes other specified laws enumerated in the text." *Shapiro*, 160 F.4th at 355. The court then noted that "the 'notwithstanding' clause at issue here is followed by the all-encompassing phrase 'any other provision of law,'" which "expressly indicates Congress's intent that [§ 1306(c)] supersede not

only FOIA but also *all other laws*." *Id*. (emphasis in original; citing *Cisneros v. Alpine Ridge Grp.*, 508 U.S. 10, 18 (1993)). Thus, the court concluded that the "notwithstanding" clause in § 1306(c) "need not be harmonized with but, rather, takes precedence *over* subsequently enacted laws like the 2007 FOIA Amendment." *Id*. at 356 (emphasis in original).

Even more recently, the United States District Court for the District of Maryland held that, where SSA imposes fees pursuant to 42 U.S.C. § 1306(c), a district court lacks jurisdiction under FOIA to review SSA's refusal to waive those fees. *See Democracy Forward Found. v. Social Security Admin.*, Civ. A. No. 25-3384 (SAG), 2026 U.S. Dist. LEXIS 101010, at *7-9 (D. Md. May 7, 2026). Specifically, the court found that the express language of the FOIA indicates that "district courts have jurisdiction to review only those actions concerning the waiver of fees under FOIA itself," and that "[n]either fees imposed pursuant to § 1306(c) nor waiver of those fees is governed by FOIA." *Id.* at *7. Accordingly, because the plaintiff challenged the denial of its request to waive fees that the SSA imposed pursuant to § 1306(c), the action did not constitute "any action by a requester regarding the waiver of fees under this section" (the FOIA), and the FOIA did not grant the district court jurisdiction to review the fee waiver denials. *Id.* at *8.

Here, Plaintiff's FOIA claims against SSA should be dismissed for lack of jurisdiction. Plaintiff submitted a FOIA request to the SSA which included a fee waiver application. SSA declined to waive or reduce the fee for most of Plaintiff's request, determined that Plaintiff's request was not directly related to the administration of a program under the Social Security Act, and therefore indicated that it would be charging Plaintiff fees under § 1306(c), not FOIA. *See* Reagan Decl. Ex. 2 at 2. Plaintiff has never challenged that non-program-related determination. Nor did Plaintiff agree to pay fees associated with processing its request. Instead, Plaintiff appealed SSA's denial of that waiver and then filed this two-count FOIA action while that

6

administrative appeal remained pending.  *See* Reagan Decl. ¶¶ 3, 5; Reagan Decl. Ex. 3.  But SSA's regulations provide that requesters "must agree" to pay a fee charged under 42 U.S.C. § 1306(c)'s implementing regulation, 20 C.F.R. § 402.80, "before [SSA] will begin the search for record(s)." 20 C.F.R. § 402.90.  Plaintiff's search and withholding claims therefore depend on the premise that SSA was required to process Plaintiff's FOIA request notwithstanding the fact that Plaintiff had not agreed to pay the § 1306(c) fees associated with processing that request.

But FOIA does not supply this Court with jurisdiction to entertain that premise.  As *Shapiro* confirms, § 1306(c) authorizes SSA to charge the full cost of responding to non-program-related requests notwithstanding FOIA's fee provisions.  *See* 160 F.4th at 355-56.  And as *Democracy Forward* confirms, fees imposed under § 1306(c) are not fees imposed "under" FOIA, so a challenge to SSA's refusal to waive those fees is not an action concerning "the waiver of fees under" FOIA.  *See* 2026 U.S. Dist. LEXIS 101010, at *7-9.  Plaintiff's claims cannot proceed unless the Court first reviews—and rejects—SSA's § 1306(c) fee determination or its refusal to waive those fees.  Because FOIA supplies no jurisdictional basis for that threshold review, Plaintiff's FOIA claims against SSA should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's claims against the SSA without prejudice for lack of subject matter jurisdiction.  A proposed order is enclosed herewith.

Dated:  June 22, 2026                           Respectfully submitted,
        Washington, D.C.

                                                JEANINE FERRIS PIRRO
                                                United States Attorney

                                        By:     */s/ Benjamin H. Zieman*
                                                Benjamin H. Zieman
                                                Assistant United States Attorney
                                                601 D Street N.W.
                                                Washington, D.C. 20530
                                                202-252-2540
                                                benjamin.zieman@usdoj.gov

                                                *Attorneys for the United States of America*

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN OVERSIGHT,

     Plaintiff,

     v.

CENTERS FOR DISEASE CONTROL AND
PREVENTION, et al.,

     Defendants.

Civil Action No. 26-1351 (RBW)

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendant Social Security Administration's motion to dismiss, and the entire record herein, it is hereby

ORDERED that Defendant Social Security Administration's motion is GRANTED; and it is further

ORDERED that Plaintiff's claims against Defendant Social Security Administration are DISMISSED WITHOUT PREJUDICE.

SO ORDERED:

_____          _____
Date                                REGGIE B. WALTON
                                United States District Judge